**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

KRYSTAL STANLEY PLAINTIFF
*Also known as*
KRYSTAL SPURLIN

v. 4:26-cv-00049-DPM-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Krystal Stanley, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act because she could perform her past case worker job and other jobs that existed in significant numbers - despite her impairments. (Tr. 14-25.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is relatively young. She was only forty-two years old at the time of the administrative hearing. (Tr. 36.) She testified she completed two years of college, (*id.*), and has past relevant work as a case worker. (Tr. 23.)

The ALJ[1] first found Ms. Stanley had not engaged in substantial gainful activity since November 2, 2023 – the application date. (Tr. 16.) She has "severe" impairments in the form of

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

"degenerative disc disease; asthma; [and] Graves's disease." (*Id.*) The ALJ further found Ms. Stanley did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18.)

The ALJ determined Ms. Stanley had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her impairments. (*Id.*) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 62-66.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform her past work as a caseworker. (Tr. 23.) Additionally, the ALJ proceeded to Step 5 of the evaluation and concluded that Plaintiff could perform the jobs of appointment clerk, order clerk and telephone solicitor - despite her limitations. (Tr. 24-25.) Accordingly, the ALJ determined Ms. Stanley was not disabled. (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Stanley argues that the ALJ failed to account for her "prescribed oxygen equipment in the RFC, despite crediting her underlying respiratory impairment." (Doc. No. 9 at 2.) She says:

> This error is four-fold. First, the ALJ credited the impairment but neither incorporated nor explained the omission of the oxygen limitation. Next, the ALJ resolved the only ambiguity in the oxygen evidence against Plaintiff without the explanation SSR 96-8p demands. Thereafter, the ALJ failed to analyze the specific, concrete functional limitations that prescribed oxygen imposed. Finally, the ALJ never developed the vocational consequences of the oxygen equipment through the VE, so the step-four and step-five findings do not rest on substantial evidence. Not one of these errors or omissions are harmless.

(*Id.* at 6.)

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

I have carefully considered Plaintiff's argument, and I find it to be without merit. After a close review of the administrative decision, I find the ALJ clearly explained why he omitted the oxygen limitation. And the decision is supported by substantial evidence.

The ALJ clearly explained why he found Ms. Stanley did not need supplemental oxygen. He first said that Ms. Stanley's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 19.) He immediately thereafter noted, "they are inconsistent because while the record does support that the claimant had significant breathing issues in 2023, it also reflects that her symptoms are substantially improved." (*Id.*) He acknowledged she never alleged any breathing difficulties when applying for benefits. (*Id.*) And "in her most recent function report, from May of 2024, the claimant primarily alleged that she was disabled primarily due to breathing issue and transporting an oxygen tank which 'hinders [her] from performing task effectively & in a timely manner.'" (*Id.*) The ALJ recognized Plaintiff's one and only "walk test" that reported "desaturation reduced to 74%" but also noted that the next month, her doctor reported, "I am really not sure what to make of her complaints today because her lungs sound so much better and her oxygen level is so good." (Tr. 20, 647.)

The ALJ accurately summarized recent treatment notes from February 4, 2025, saying:

> The claimant's respiratory failure was again described as unexplained by asthma (Ex. B31F, 4). It was noted that the claimant was at 98% SpO2 after 10 minutes at room air *without any* supplemental oxygen, and that there was no oxygen desaturation despite the claimant's allegations of shortness of breath (Ex. B31F, 4). Based on this, the claimant was advised to further reduced her oxygen flow to 2 LPM nasal cannula "with activity on *if needed basis*" [emphasis added]; the claimant was not advised to use supplemental oxygen at all times.

(Tr. 21, Tr. 1240-1241.)

Plaintiff's doctors also reported numerous times that, objectively, they found nothing wrong with Ms. Stanley's breathing. (Tr. 1098, 1103, 111, 1153, 1156, 1162, 1173, 1239, 1245.) Additionally, there are other medical notes that report Plaintiff was able to function without having her oxygen at her side. (Tr. 1088, 1108, 1120.) Accordingly, the ALJ could rightly discount Plaintiff's allegation she required supplemental oxygen to function.

Ultimately, the ALJ carefully considered the record and made a supported determination that Plaintiff could perform a limited range of sedentary work. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. His opinion fairly sets out the rationale for his conclusions.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

It was Plaintiff's burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Plaintiff has simply not met her burden.

The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports

the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 19th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE